UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL MATERA,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 15-CV-04062-LHK<br><br>**ORDER GRANTING MOTION FOR STAY OF PROCEEDINGS**<br><br>Re: Dkt. No. 21 |

Before the Court is Defendant Google Inc.'s ("Defendant") Motion for Stay of Proceedings. ECF No. 21 ("Motion"). Defendant seeks to stay this case pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-1339, which was argued on November 2, 2015. Plaintiff Daniel Matera ("Plaintiff") opposes the Motion. ECF No. 30 ("Opp."). Defendant filed a reply. ECF No. 32. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b) and VACATES the hearings and case management conference currently set for February 25, 2016, at 1:30 p.m. Having considered the submissions of the parties, the record in this case, and the relevant law, the Court hereby GRANTS Defendant's Motion to stay this proceeding.

1

## I.   BACKGROUND

Defendant is a California-based corporation that offers web-based services and sells online advertising. ECF No. 1 ("Compl.") ¶¶ 13–14. Defendant's products include the ubiquitous web-based e-mail service known as "Gmail." *Id*. ¶¶ 1, 29. Plaintiff is an individual who states that he "does not have and never has had an email account with Google." *Id*. ¶ 8.

On September 4, 2015, Plaintiff filed a putative class action against Defendant for alleged violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510 *et seq*., and the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630 *et seq*. Compl. ¶¶ 42–56, 57–70. Plaintiff states that, although he has never had a Google e-mail account, he has sent e-mails to or received e-mails from individuals who do have Google e-mail accounts. *Id.* ¶ 8. Plaintiff alleges that Defendant improperly "scanned, analyzed, and cataloged" such e-mails without Plaintiff's consent. *Id*. ¶¶ 3, 8. Plaintiff further alleges that Defendant scans, analyzes, and catalogs such e-mails of non-Gmail users in order "to predict their behavior, and to influence and manipulate them in order to gain an economic advantage over them." *Id*. ¶¶ 2, 3–4. Plaintiff seeks injunctive relief, monetary damages, and attorney's fees for these alleged statutory violations. *Id*. ¶¶ 54–55, 68–69. In addition to seeking relief for himself, Plaintiff intends to seek relief under ECPA and CIPA for classes of persons who, like Plaintiff, "have never established an email account with Google," but "who have sent emails to or received emails from individuals with Google email accounts." *Id*. ¶ 32.

On October 29, 2015, Defendant filed a Motion to Dismiss, arguing that Plaintiff lacked Article III standing and had failed to state a claim. ECF No. 20, at 1. That same day, Defendant filed the instant Motion seeking to stay proceedings in this case until the U.S. Supreme Court issues a decision in *Spokeo, Inc. v. Robins* ("*Spokeo*"), No. 13-1339, 2015 WL 1879778, at *1 (U.S. Apr. 27, 2015). ECF No. 21.

## II.   LEGAL STANDARD

"A district court has the inherent power to stay its proceedings. This power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (quoting *Fuller v. Amerigas Propane, Inc.*, No. 09–CV-02493-TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009)) (internal quotation marks omitted). In considering whether to exercise its discretion to grant a stay, a court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Court refers to these factors as the *Landis* factors because they were drawn from the U.S. Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).

The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

### III.  DISCUSSION

Defendant seeks a stay pending the U.S. Supreme Court's decision in *Spokeo*. The Court therefore considers the *Landis* factors to determine whether a stay is warranted.

#### A.  The Orderly Course of Justice

Because Defendant's argument hinges on the potential effect of the *Spokeo* decision on this case, the Court begins by considering the third *Landis* factor: a stay's impact on "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. "[C]onsiderations of judicial economy are highly relevant" in determining whether this factor weighs in favor of a stay. *Gustavson*, 2014 WL 6986421, at *3; *Fuller*, 2009 WL 2390358, at *2 (arguments regarding "judicial economy" relevant to third *Landis* factor).

Here, Defendant argues that a stay is warranted because the *Spokeo* decision may result in "a ruling that could eliminate Plaintiff's sole basis for standing and dispose of this case in its entirety." Motion, at 6. In the case leading to the Supreme Court's writ of certiorari in *Spokeo*, the district court dismissed the plaintiff's complaint. *Robins v. Spokeo, Inc.*, No. 10-CV-05306-ODW, 2011 WL 11562151, at *1 (C.D. Cal. Sept. 19, 2011). In doing so, the court held that the plaintiff had alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, but did not plead that he had suffered actual harm from those violations. *Id.* The Ninth Circuit reversed, holding that "a plaintiff can suffer a violation of [a] statutory right without suffering actual damages" and concluding on the record before it that "alleged violations of [the plaintiff's] statutory rights are sufficient to satisfy the injury-in-fact requirement of Article III." *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413–14 (9th Cir. 2014). The U.S. Supreme Court then granted certiorari on April 27, 2015, to address the following question:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

Question Presented, *Spokeo*, No. 13-1339, *available at* http://www.supremecourt.gov/qp/13-01339qp.pdf (last visited February 5, 2016). The U.S. Supreme Court heard oral argument in the matter on November 2, 2015, and is expected to issue a decision within months (at the latest, before the Supreme Court term ends in June 2016). *See, e.g.*, *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *3 (N.D. Cal. Jan. 8, 2016) (noting that a decision in *Spokeo* will likely issue before June 2016). Numerous courts have granted stays pending issuance of a decision in *Spokeo* after weighing the *Landis* factors in light of the particular facts involved.[1]

---

[1] *See, e.g.*, *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) (staying case where "[t]he question presented in the *Spokeo* appeal [was] squarely implicated"); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015) (granting stay in light of *Spokeo*); *Provo v. Rady Children's Hosp.-San Diego*, No. 15-CV-0081-JM, 2015 WL 6144029, at *2 (S.D. Cal. July 29, 2015) (granting stay in light of *Spokeo* where "discovery has yet to commence" and "neither the parties nor the court are able to state with confidence that Article III standing is established").

Defendant contends that, like the plaintiff in *Spokeo*, Plaintiff here "alleges no concrete injury or other basis for Article III standing beyond the alleged statutory violations at issue." Motion, at 1. As a result, Defendant argues, a decision by the U.S. Supreme Court that bare violations of federal statutes do not, without more, confer Article III standing would require dismissal of Plaintiff's entire lawsuit. Motion, at 2. Defendant further argues that "[e]ven if the Supreme Court's ruling does not bar Plaintiff from proceeding altogether, it is highly likely that significant aspects of the case would need to be revisited in light of the Court's ruling." *Id*. Specifically, Defendant argues that the Complaint and class certification briefing would potentially be impacted, and the parties would need to "address how the ruling impacts the viability of Plaintiff's proposed classes, among many other issues." *Id*.

Plaintiff disputes that *Spokeo* is likely to result in a decision dispositive of the issues presented in this case, as it involves the FCRA—not the statutes at issue in this case (ECPA and CIPA). Opp., at 2. Moreover, Plaintiff contends that ECPA and CIPA, unlike the FCRA, merely codify "straightforward privacy rights long recognized in the common law as constituting injury." *Id*., at 4. As such, Plaintiff argues, "suits under these statutes are by their very nature lawsuits rooted in concrete injuries sufficient to confer Article III standing." *Id*., at 5.

Plaintiff's contention that *Spokeo* is unlikely to impact this case because it involves a different statute seems unlikely. Although Plaintiff attempts to minimize the similarities between the statutory violations pled in the Complaint and those at issue in *Spokeo*, *see* Opp., at 1, 3, the question presented in *Spokeo* was not, as Plaintiff suggests, narrowly tailored to a particular statutory context. Rather, the U.S. Supreme Court granted a writ of certiorari to address, more broadly, whether Article III standing exists where a plaintiff pleads only bare violations of a federal statute in the absence of concrete harm. *See* Question Presented, *Spokeo*, No. 13-1339. Defendant raises that issue in this case, as well. *See, e.g.*, Motion, at 1; ECF No. 20, at 1 n.1 (motion to dismiss arguing same). Moreover, as Defendant correctly notes, U.S. Supreme Court decisions on Article III jurisdiction are often applied broadly in analogous contexts reaching beyond the specific statute which gave rise to the decision. *See, e.g.*, *Lujan v. Defenders of*

5

*Wildlife*, 504 U.S. 555 (1992) (seminal Article III standing case arising under Endangered Species Act). Thus, the U.S. Supreme Court's decision in *Spokeo* is likely to be instructive in this case, regardless of whether it is formally controlling or directly addresses ECPA and CIPA. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (noting that a trial court's ability to stay an action pending resolution of other proceedings "does not require that the issues in such proceedings are necessarily controlling of the action before the court") (quotation omitted).

More persuasive is Plaintiff's argument that, unlike the statute at issue in *Spokeo*, ECPA and CIPA allegedly codify common law rights, the violation of which has long been understood to supply a concrete injury sufficient to support Article III standing. Opp., at 4–5. Some district courts have accepted similar theories with regard to other statutes. *See, e.g.*, *Johnson v. Navient Sols., Inc.*, No. 15-CV-00716-LJM, 2015 WL 8784150, at *2 (S.D. Ind. Dec. 15, 2015) ("Based on the allegations in the Complaint and the TCPA's protection of [plaintiff's] privacy rights, the Court concludes that [plaintiff] has stated a claim for actual harm, upon which he may rely to provide standing."). However, the Court need not resolve the merits of Plaintiff's standing argument at this juncture, however, because regardless of which path the U.S. Supreme Court ultimately takes, *Spokeo* may provide substantial guidance as to what statutory violations (if any) confer Article III standing. The Court thus finds that the *Landis* factor regarding the orderly course of justice weighs in favor of granting a temporary stay.

**B. Hardship to the Parties**

The remaining two *Landis* factors require consideration of the hardship or inequity which Defendant may suffer in being required to go forward and the possible damage to Plaintiff which may result from the granting of a stay. *See CMAX*, 300 F.2d at 268.

**a. Hardship or Inequity to Defendant**

Plaintiff argues that the only hardship to Defendant that would result from the absence of a stay is "being required to defend a suit," which, "without more, does not constitute a clear case of hardship or inequity." Opp., at 7 (quoting *Lockyer*, 398 F.3d at 1112) (quotation marks omitted).

6
Case No. 15-CV-04062-LHK
ORDER GRANTING MOTION FOR STAY OF PROCEEDINGS

Defendant argues that the hardship it faces without a stay is not merely proceeding in the ordinary course of litigation. Motion, at 9–10. Rather, it is proceeding through discovery towards class certification in the face of a pending decision that may substantially revise the standard for Article III standing in such cases. ECF No. 32, at 7–8. Defendant argues that *Spokeo* could potentially either render those efforts futile, if this Court ultimately determines that it lacks standing, or at least require "additional discovery" and "re-brief[ing] both [Defendant's] motion to dismiss and Plaintiff's motion for class certification." *Id.*, at 8 (citing *Gustavson*, 2014 WL 6986421, at *3).

The Court agrees that the parties are likely to expend considerable resources on discovery and briefing which may be wasted if *Spokeo* ultimately requires dismissal (or modification) of Plaintiff's Complaint. Although this potential inefficiency is less pronounced than it was in *Gustavson*, 2014 WL 6986421 at *3, because no schedule has yet been set for class certification briefing in this case, it is nevertheless present.

Finally, Plaintiff argues that any discovery in this case later mooted by an adverse decision in *Spokeo* would not actually be wasted, because Plaintiff's suit would ultimately proceed in state court even if it cannot proceed in federal court. Opp., at 10–11. However, Plaintiff's position is speculative at this juncture.

### b. Possible Damage to Plaintiff

Against this potential judicial inefficiency and hardship to Defendant, the possible damage to Plaintiff from a temporary stay is minimal. In contrast with a case where a stay might disrupt proceedings after years of litigation, this case is "at an early stage of litigation." *Gustavson*, 2014 WL 6986421, at *3. No discovery has been taken and only motions to dismiss and stay have been filed.

Indeed, the only harm from a brief stay identified by Plaintiff is the potential harm resulting from "delaying the injunctive relief sought in this case." Opp., at 8. Like all litigants, Plaintiff has a substantial interest in obtaining a prompt adjudication of his claims and a determination of whether the conduct of which he complains warrants injunctive relief. However, "Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is

unlikely to be addressed by this Court" before the U.S. Supreme Court issues a decision in *Spokeo*. *Gustavson*, 2014 WL 6986421, at *3 (granting stay). To that end, the U.S. Supreme Court's decision in *Spokeo* will be issued shortly—any time before or by June 2016. As a result, the possibility of harm to Plaintiff on these facts weighs only slightly against a stay.

### C. Summary

At bottom, two of the *Landis* factors weigh in favor of a stay, and one weighs only slightly against a stay. Balancing these factors, the Court concludes that an exercise of its discretion to temporarily stay this case is appropriate.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Stay of Proceedings is GRANTED. The parties are ORDERED to file an updated Joint Case Management Statement within seven days of the U.S. Supreme Court's issuance of a merits opinion in *Spokeo* or by July 8, 2016, whichever is earlier. In addition to complying with Civil Local Rule 16-10(d), the parties shall address what, if any, supplemental briefing is required in light of *Spokeo* and propose an accelerated schedule for any such briefing.

The Clerk of Court is directed to administratively close the case file until such time as the parties' updated Joint Case Management Statement is filed.

**IT IS SO ORDERED.**

Dated: February 5, 2016

_____
LUCY H. KOH
United States District Judge