1   Michael W. Sobol (SBN 194857)
    msobol@lchb.com
2   Nicole D. Sugnet (SBN 246255)
    nsugnet@lchb.com
3   Michael Levin-Gesundheit (SBN 292930)
    mlevin@lchb.com
4   LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
5   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
6   Telephone: 415.956.1000
    Facsimile: 415.956.1008
7
    Hank Bates (SBN 167688)
8   hbates@cbplaw.com
    CARNEY BATES & PULLIAM, PLLC
9   2800 Cantrell Road, Suite 510
    Little Rock, AR 72202
10  Telephone: 501.312.8500
    Facsimile: 501.312.8505
11
    Ray E. Gallo (SBN 158903)
12  rgallo@gallo-law.com
    Dominic R. Valerian (SBN 240001)
13  dvalerian@gallo-law.com
    GALLO LLP
14  1299 Fourth St., Suite 505
    San Rafael, CA 94901
15  Telephone: 415.257.8800

16  *Attorneys for Plaintiff*

17              UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19

20  DANIEL MATERA, as an individual, and      Case No. 5:15-cv-04062 LHK
    on behalf of other persons similarly
21  situated,                                 **PLAINTIFF'S RESPONSE TO
                                               DEFENDANT'S SUPPLEMENTAL BRIEF
22              Plaintiff,                     REGARDING *SPOKEO, INC. V. ROBINS***

23  v.                                         Date:      June 27, 2016
                                               Time:      1:30 p.m.
24  GOOGLE, INC.,                              Courtroom: 8 - 4th Floor
                                                          280 S. First Street
25              Defendant.                                San Jose, CA 95113
                                               Judge:     The Hon. Lucy H. Koh
26

27

28

1

**ARGUMENT**

2   Google fundamentally misstates the holding in *Spokeo Inc., v. Robins*, 136 S. Ct. 1540

3   (2016), incorrectly asserting that *Spokeo* requires Plaintiff to allege wrongful conduct

4   "implicat[ing] 'a legally protected interest that is concrete and particularized' *independently* of

5   the alleged statutory violations." (Def. Suppl. Br. at 1) (quoting in part *Spokeo*, 136 S. Ct. at

6   1543) (emphasis in original). Nowhere in the opinion does the Supreme Court state that an injury

7   must be "independent" of a statutory violation. On the contrary, *Spokeo* makes plain that when

8   the legislature enacts a statute to protect against an intangible harm, or when the injury at issue

9   bears a "close relationship" to a right recognized by the common law, violations of that statute

10   cause injuries sufficiently "concrete" to confer Article III standing. 136 S. Ct. at 1549.

11   Google attempts to recast its illegal and unauthorized interception, scanning, analyzing

12   and cataloging of the content of Plaintiff's and Class Members' emails as being mere "automated

13   processing." In fact, Google's intentional intrusion into Plaintiff's and Class Members' private

14   communications, without their consent, is the *core* injury that ECPA and CIPA were enacted to

15   prevent. This now-codified injury also bears more than a "close relationship" to historically-

16   rooted common law guarantees of privacy in one's communications; indeed, courts recognized

17   common-law causes of action for such privacy intrusions long before ECPA and CIPA were

18   enacted. Thus, Plaintiff's injury is "concrete" and he has Article III standing.

19   **I.      In Enacting ECPA and CIPA, Congress and the California Legislature
            Specifically Sought to Prevent the Interception of Private Communications.**
20

21   *Spokeo* resolves all doubt that statutory violations—without more—may form the basis of

22   a concrete injury. *Id*. (Congress may "'elevat[e] to the status of legally cognizable injuries

23   concrete, *de facto* injuries that were previously inadequate in law.'") (quoting *Lujan v. Defs. of*

24   *Wildlife*, 504 U.S. 555, 578 (1992)). When, as here, a plaintiff has alleged the precise injury that

25   Congress sought to remedy in enacting the statute at issue, a plaintiff "need not allege any

26   *additional* harm beyond the one Congress has identified." *Id.* (emphasis original).

27   As discussed at greater length in Plaintiff's Supplemental Brief (Dkt. No. 41), the

28   legislative intent behind ECPA was to provide electronic communications the same long-

1    recognized protections afforded to private letters and telephone calls. S. REP. NO. 99-541, 5,

2    reprinted in 1986 U.S.C.C.A.N. 3555, 3559 (Oct. 17, 1986). Specifically, Congress sought to

3    establish "a high level of protection *against unauthorized opening*" for "communications

4    transmitted by new noncommon carrier communications services [and] new forms of

5    telecommunications and computer technology." *Id.* (emphasis added). Similarly, CIPA was

6    enacted to guard against "advances in science and technology [that] have led to the development

7    of new devices and techniques for the purpose of eavesdropping upon private communications."

8    Cal. Pen. Code § 630. The California legislature further clarified that "the invasion of privacy

9    resulting from the continual and increasing use of such devices and techniques has created a

10   serious threat to the free exercise of personal liberties and cannot be tolerated in a free and

11   civilized society." *Id.*

12        Google argues that "Congress did not intend automated processing of emails to constitute

13   a *per se* concrete injury." (Def. Suppl. Br. at 7). Plaintiff does not challenge "all automated

14   processing of email"[1] but instead challenges a distinct act: Google's interception of private emails

15   for purposes of acquiring the substance, meaning, or purport of those communications for its own

16   commercial use. This act not only amounts to a violation of ECPA and CIPA, it also causes the

17   *precise* harm that these statutes seek to prevent. Where a party such as Google takes advantage of

18   cutting-edge technology to systematically intercept the emails of private citizens, for purposes of

19   learning the content of those communications and without the authorization of the parties, a

20   concrete injury is established. To accept Google's position that its alleged unauthorized

21   interception and scanning of private email content is *not* a concrete injury under ECPA or CIPA,

22   this Court would need to find that such privacy intrusions were not the harm that Congress or the

23   California Legislature intended to protect against in enacting those statutes. But Google doesn't

24   offer, and cannot offer, any alternative harm that ECPA or CIPA were meant to prevent. Because

25   Google's acts in intercepting and analyzing Plaintiff's private emails amount to the very privacy

---

[1] By recasting Plaintiffs' allegations that Google scans, analyzes, and catalogs non-Gmail users' email content as a challenge to *all* "automated processing" of emails (including creating stored copies of emails for later retrieval by the sender or recipient, or spam filtering), Google appears to improperly re-litigate the "ordinary course of business" defense that has already been addressed in Google's Motion to Dismiss and Plaintiff's corresponding Opposition.

1   intrusion Congress and the California Legislature intended to prevent, Plaintiff alleges a concrete

2   injury.

3   **II.      The Injury Remedied by ECPA and CIPA Bears a "Close Relationship" to**
         **Historically Recognized Torts.**

4

5          Google's position that its interception and cataloging of private email communications

6   bears "no 'relationship'" to any 'harm that has traditionally been regarded as providing a basis for

7   a lawsuit'" is equally flawed. *See* Def. Suppl. Br. at 7 (quoting in part *Spokeo*, 136 S. Ct. at 1549).

8   In support, Google relies on this Court's analysis of a claim brought under the California

9   Constitution by the plaintiffs in *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016 (N.D. Cal. 2014). In

10  doing so, Google again misconstrues *Spokeo*. To show that a statutory violation amounts to a

11  concrete harm, a plaintiff need not show that all of the elements of a claim previously recognized

12  in the common law are met. Instead, a plaintiff need only show that the harm the statute was

13  meant to prevent "has a close relationship" to a harm recognized at common law. *Spokeo*, 136 S.

14  Ct. at 1549. Although the elements of the claims may differ, it cannot be denied that there is a

15  "close relationship" between the harm addressed in ECPA and CIPA—the interception of emails

16  without consent—and the "legally protected privacy interest or reasonable expectation of privacy

17  in any confidential and sensitive content within emails" recognized by the California

18  Constitution. *Yahoo*, 7 F. Supp. 3d at 1040.[2]

19         Indeed, requiring ECPA or CIPA—or any statute conferring legal rights, for that matter—

20  to contain the exact same elements of existing torts is entirely inconsistent with *Spokeo*'s holding

21  that legislatures can "'elevat[e] to the status of legally cognizable injuries concrete, *de facto*

22

23  [2] The same is true for the harms recognized by common law torts protecting against third-party
    interception and reading of letters and emails. *See, e.g.*, *Vernars v. Young*, 539 F.2d 966, 968-69

24  (3d Cir. 1976) (properly pled common law privacy claim premised on unauthorized opening of
    private letters); *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973) (recognizing a common

25  law right of privacy cause of action based on illegal wiretap of plaintiff's residence); *Fischer v.*
    *Mt. Olive Lutheran Church, Inc.*, 207 F. Supp. 2d 914, 927 (W.D. Wis. 2002) (denying summary
    judgment motion on statutorily-codified intrusion-upon-seclusion claim, premised on

26  unauthorized access of personal email account); *Steinbach v. Vill. of Forest Park*, No. 06 C 4215,
    2009 WL 2605283, at *4-5 (N.D. Ill. Aug. 25, 2009) (cognizable intrusion upon seclusion claim

27  based on unauthorized reading and forwarding emails of plaintiff's emails). *See also Shulman v.*
    *Grp. W Prods., Inc.,* 18 Cal. 4th 200, 230-31 (1998) (recognizing "invasion of privacy" torts that

28  make "unwarranted sensory intrusions such as eavesdropping, wiretapping, and visual or
    photographic spying" actionable because such intrusions are an "affront to individual dignity").

1    injuries that were previously inadequate in law.'" 136 S. Ct. at 1549. (quotation omitted). In

2    Google's alternate universe, a legislature would be confined to enacting codifications of existing

3    common law claims, with no variance in the elements of or how to prove such claims. This would

4    render legislatures useless in making law.

5          III.    **Google's Authorities are Inapposite.**

6          As addressed in greater detail in Plaintiff's Supplemental Brief, Google's authorities are

7    inapposite. Those cases addressed either whether those plaintiffs had pled particular injuries, such

8    as economic harm, required by the claims alleged, or whether those plaintiffs had met other

9    Article III requirements not at issue here, such as the "actual and imminent" harm requirement.[3]

10         In fact, the cases upon which Google relies actually *support* Plaintiff's position that

11   violations of statutes such as ECPA or CIPA, in and of themselves, amount to "concrete" harm.

12   *See, e.g., In re Facebook Internet Tracking Litig.*, No. 5:12-md-02314-EJD, 2015 U.S. Dist.

13   LEXIS 145142, at *37 (N.D. Cal. Oct. 23, 2015) (holding that, even without a showing of

14   economic harm, "[p]laintiffs have established statutory standing for claims under the Wiretap

15   Act, SCA and CIPA."); *Burton v. Time Warner Cable Inc.*, No. CV 12-06764 JGB (AJWx), 2013

16   U.S. Dist. LEXIS 94310, at *18-19 (C.D. Cal. Mar. 20, 2013) ("[T]he Article III requirement that

17   the injury be 'concrete' can exist solely by virtue of statutes creating legal rights.") (citations

---

18   [3] *See, e.g., In re iPhone Application Litig.*, No. 11-md-2250-LHK, 2011 U.S. Dist. LEXIS
19   106865, at *17 (N.D. Cal. Sept. 20, 2011) (Koh, J.) (addressing a claim under the Computer
     Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), which requires a showing of economic loss);
20   *In re Google Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 U.S. Dist. LEXIS 183041, at *14-
     15 (N.D. Cal. Dec. 28, 2012) (same, regarding California's Unfair Competition Law, Cal. Bus. &
21   Prof. Code § 17200 ("UCL")); *LaCourt v. Specific Media, Inc.*, No. SACV 10-1256-GW (JCGx),
     2011 U.S. Dist. LEXIS 50543, at *12 (C.D. Cal. Apr. 28, 2011) (same, regarding the UCL and
22   the CFAA)); *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 846-47 (N.D. Cal. 2012) (the plaintiff
     failed to allege a "particularized" or "actual or imminent" injury, in that she failed to allege which
23   Apple devices she used and which tracked her information); *In re JetBlue Airways Corp. Privacy
     Litig.*, 379 F. Supp. 2d 299, 326-27 (E.D.N.Y. 2005) (not addressing Article III standing, but
24   instead finding that actual injury is required to show trespass to an intangible property right
     arising under contract); *Low v. Linkedin Corp.*, No. 11-CV-01468-LHK, 2011 U.S. Dist. LEXIS
25   130840, at *9 (N.D. Cal. Nov. 11, 2011) (finding plaintiff's unique theories of harm, such as
     "emotional" harm, to be too abstract, conjectural, and hypothetical for the purposes of Article III
26   standing). Google's reliance on *Murray v. Time Inc.*, No. C 12-00431 JSW, 2012 U.S. Dist.
     LEXIS 120150, at *17 (N.D. Cal. Aug. 24, 2012) is also misplaced, because the plaintiff there
27   alleged only a mere procedural violation of California's "Shine the Light" law—that the
     defendant failed to provide him with his contact information—which had not necessarily resulted
28   in the harm the statute was meant to protect against, because the plaintiff failed to allege that he
     would have requested from defendant the information he was entitled to under the law.

1   omitted). In sum, Google's authorities do not undermine, and in fact support, Plaintiff's position

2   that Google's violations of ECPA and CIPA—through its intercepting, analyzing, and cataloging

3   Plaintiff's private emails—constitute concrete harm.

4   <u>**CONCLUSION**</u>

5       Google's violations of ECPA and CIPA caused the core injuries that Congress and the

6   California Legislature sought to remedy. These injuries have long been recognized in the

7   common law as the types of intangible harms that create a cognizable legal claim. *Spokeo* thus

8   makes clear that by pleading violations of these statutes, Plaintiff has Article III standing.

9

10  Dated: June 13, 2016                 Respectfully Submitted,

11                                       By: */s/ Michael W. Sobol*
                                             Michael W. Sobol

12                                       Michael W. Sobol (State Bar No. 194857)
13                                       Nicole D. Sugnet (State Bar No. 246255)
                                         Michael Levin-Gesundheit (State Bar No. 292930)
14                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                         275 Battery Street, 29th Floor
15                                       San Francisco, CA 94111-3339
                                         Telephone: 415.956.1000
16                                       Facsimile: 415.956.1008

17                                       Hank Bates (State Bar No. 167688)
                                         CARNEY BATES & PULLIAM, PLLC
18                                       2800 Cantrell Road, Suite 510
                                         Little Rock, AR 72202
19                                       Telephone: 501.312.8500
                                         Facsimile: 501.312.8505

20                                       Ray E. Gallo (State Bar No. 158903)
21                                       Dominic Valerian (State Bar No. 240001)
                                         GALLO LLP
22                                       1299 Fourth St., Suite 505
                                         San Rafael, CA 94901
23                                       Phone: 415.257.8800

24                                       *Attorneys for Plaintiff*

25

26

27

28