UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL MATERA,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 15-CV-04062-LHK<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 79 |

Upon consideration of the parties' arguments at the August 31, 2017 Preliminary Approval hearing and Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with all exhibits and other evidence submitted in support thereof including the Class Action Settlement Agreement ("Agreement"), dated July 21, 2017 and executed by Plaintiffs Daniel Matera and Susan Rashkis individually and on behalf of the Class (as defined therein), and by Defendant Google Inc. ("Google"), it is hereby **ORDERED** as follows:

## FINDINGS

**1.**     **Jurisdiction.** The Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1367, as Plaintiffs bring claims arising under the Electronic Communications Privacy Act of 1986 ("the Wiretap Act") and the California Invasion of Privacy Act ("CIPA").

1

Case No. 15-CV-04062-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**2.     Definitions.** Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Agreement.

**3.** To grant preliminary approval of the proposed Agreement, the Court need only find that it falls within "the range of reasonableness." Alba Conte et al., *Newberg on Class Actions* § 11.25, at 11-91 (4th ed. 2002). *The Manual for Complex Litigation (Fourth)* (2004) ("*Manual*") characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual* § 21.632. A proposed settlement may be finally approved by the trial court if it is determined to be "fundamentally fair, adequate and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). While consideration of the requirements for final approval is unnecessary at this stage, all of the relevant factors for final approval weigh in favor of preliminarily approving the Agreement proposed here.

**4.** The Agreement appears to be the result of serious, informed, non-collusive negotiations conducted at arms' length by the parties' experienced counsel. Specifically, the parties reached the Agreement after two mediation sessions with experienced mediator Randall Wulff. The terms of the Agreement appear to be fair, reasonable, and adequate under Federal Rule of Civil Procedure 23. The terms do not improperly grant preferential treatment to any individual or segment of the class, and fall within the range of possible approval.

**5.** The Court bases these preliminary findings on the nature of the claims, which would have only allowed the Class to obtain injunctive relief and not monetary damages; the benefits to be conferred in the Agreement; the fact that a settlement represents a compromise of the Parties' respective positions in lieu of trial; and the submissions made by the Parties. The Court notes that the Agreement does not release any claims for monetary damages against Google.

**6.** Google has agreed, for a period of three years commencing one-hundred eighty (180) days after the date of the Final Judgment ("Relevant Period"), to cease all processing of email content that it applies prior to the point when the Gmail user can retrieve the email in his or her mailbox using the Gmail interface ("pre-delivery processing") and that is used for Advertising

2

Purposes, as that term is defined in the Agreement. No information resulting from pre-delivery processing of email content will be used for any Advertising Purpose. In addition, Google has agreed that information from pre-delivery processing of email content that occurred before the date of the Agreement, or that occurs before the Stipulated Injunction goes into effect, will not be used for Advertising Purposes once the Stipulated Injunction commences. For outgoing email sent from a Gmail account, Google will refrain from all processing of email content prior to the point when the Gmail user can retrieve the outgoing email in his or her mailbox using the Gmail interface ("outbound processing") that is used for Advertising Purposes, and from using information from outbound processing of email content for any Advertising Purpose. Google agrees to refrain from all such activity for the Relevant Period. The Agreement provides Plaintiffs the relief that Plaintiffs seek under both CIPA and the Wiretap Act.

**7.** As stated in the Settlement Agreement, "Google represents that it has no present intention of eliminating the technical changes . . . after the expiration of the [three-year] term of the injunction." Agreement, at ¶ 40(d).

**8.** It is appropriate to provisionally certify the Settlement Classes (defined below), for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(2):

**(a)** For settlement purposes only, the Settlement Classes are so numerous that joinder of all members is impracticable.

**(b)** For settlement purposes only, Plaintiffs' claims are typical of the Settlement Classes' claims.

**(c)** For settlement purposes only, there are questions of law or fact common to the Settlement Classes.

**(d)** For settlement purposes only, Plaintiffs and Class Counsel can fairly and adequately protect the interests of the Settlement Classes.

**IT IS ORDERED THAT:**

**1. Conditional Certification.** The Settlement Classes are conditionally certified, for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(2) as:

     **(a)**    **Wiretap Act Class:** All natural persons in the United States who have never established a Gmail account with Google, and who have sent unencrypted emails to individuals with Gmail accounts.

     **(b)**    **CIPA Class:** All natural persons in the State of California who have never established a Gmail account with Google, and who have sent unencrypted emails to individuals with Gmail accounts.

**2.**    **Appointment of Class Representatives and Class Counsel for Settlement Purposes Only.** Plaintiffs Daniel Matera and Susan Rashkis are conditionally certified as the Class Representatives to implement the parties' settlement in accordance with the Agreement. Lieff Cabraser Heimann & Bernstein, LLP; Carney Bates & Pulliam, PLLC; and Gallo, LLP are conditionally appointed as Class Counsel for settlement purposes under Rule 23(g). The Court finds that Plaintiffs and Class Counsel will fairly and adequately protect the Settlement Classes' interest.

**3.**    **Settlement Approval.** The Court GRANTS preliminary approval of the Agreement and all of the terms and conditions contained in it.

**4.**    **Provision of Class Notice.**

     **(a)**    The Court approves the proposed notice and finds that the dissemination of the Notice substantially in the manner and form set forth in the Agreement complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law. The notice procedures set forth in the Agreement are hereby found to be the best practicable means of providing notice of the Agreement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Agreement, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

     **(b)**    Pursuant to the Notice Plan attached as Exhibit C to the Agreement, notice shall be published via KCC Class Action Services, LLC's Legal Notification Services team, which will place banner ads on a collection of popular websites. The Settlement Administrator

represents that it will ensure these ads will make 100,000,000 unique impressions upon internet users, with no single user receiving more than three impressions.  The banner ads will direct internet users, via a link, to the Settlement Website, which will provide notice to Class Members.  This Notice Plan is sufficient to inform Class Members, who are all internet users, of the proposed Settlement and their right to object to it.

**(c)** No later than 14 days before the Final Approval Hearing, Google shall file a declaration attesting that notice was provided in accordance with the Settlement and this Order.

**5.     Final Approval Hearing.**  The Court will hold a Final Approval Hearing on February 8, 2018, at 1:30 p.m. At the Final Approval Hearing, the Court will consider: (1) whether the Agreement should be finally approved as fair, reasonable, and adequate for the Class, (2) whether a judgment dismissing the Action with prejudice, based on final settlement approval, should be entered; and (c) whether Plaintiffs' Counsel's application for attorneys' fees and expenses and for service awards to the Class Representatives should be granted.

**6.     Objection to Settlement.**

**(a)** Each Class Member shall be given a full opportunity to comment on or object to the Agreement, and to participate at a Final Approval Hearing to be held in this Court on February 8, 2018.  The Class Notice shall state the date, time and location of the hearing.  Any Class Member wishing to comment on or object to the Agreement shall mail such comment or objection to the Settlement Administrator within 90 days after the dissemination of notice.  The Settlement Administrator shall forward copies of such comments or objections to counsel for both parties.  No Class Member shall be entitled to be heard at the Final Approval Hearing, whether individually or through counsel, unless written notice of the Class Member's intention to appear at the Final Approval Hearing shall have been timely mailed to the Settlement Administrator within 90 days after the dissemination of notice.

**(b)** Any objection must contain: (i) the objector's name, address, and personal signature; (ii) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address,

and phone number; and (iii) a statement of the grounds for his, her, or its objection.

**(c)** The date of the postmark on the envelope containing the written statement objecting to the settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted.  Class Members who fail to mail timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from objecting to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

**(d)** Class Counsel shall file all comments and/or objections submitted by Class Counsel with the Court within 100 days after dissemination of notice.  Should any party wish to file a written response to any comment or objection filed by a Class Member, the party shall file such written response or comment no later than 10 days before the Final Approval hearing.

**7.     Final Approval.**  On or before October 30, 2017, Class Representatives shall file their memorandum in support of final approval of the Agreement, in addition to their application for attorneys' fees and expenses and for service awards to the Class Representatives.

**8.     Termination.**  If the Settlement Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Agreement.  This Court's conditional certification of the Settlement Classes and findings underlying the conditional certification shall be solely for settlement purposes.  This Order will not waive or otherwise impact the Parties' rights or arguments.

**9.     Stay of Dates and Deadlines.**  All discovery and pretrial proceeding deadlines are hereby vacated and suspended until further notice from the Court, except for such actions as are necessary to implement the Agreement and this Order.

**10.    CAFA Notice.**  Google shall file with the Court a Notice of Compliance with 28 U.S.C. § 1715 within 30 days after the date of this Order.

**11.    Settlement Administrator.**  The Court hereby approves KCC Class Action Services, LLC as Settlement Administrator to implement the Notice Plan.

1  **IT IS SO ORDERED.**

3  Dated: August 31, 2017

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge