Michael W. Sobol (194857)
msobol@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

Hank Bates (167688)
hbates@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312 8505

Ray E. Gallo (158903)
rgallo@gallo-law.com
GALLO LLP
1299 Fourth Street, Suite 505
San Rafael, CA 94901
Telephone: (415) 257-8800

*Attorneys for Plaintiffs and the Settlement Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MATERA and SUSAN RASHKIS, as individuals, and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:15-cv-04062 LHK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 8, 2018<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh<br>Courtroom: 8, Fourth Floor |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ................................................................................................................. i
I.   INTRODUCTION .............................................................................................................. 1
II.  FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 1
III. THE SETTLEMENT .......................................................................................................... 2
     A.   The Settlement Class Definition ............................................................................. 2
     B.   Benefits to the Settlement Class.............................................................................. 2
     C.   The Limited Release ............................................................................................... 4
     D.   Attorneys' Fees and Expenses and Plaintiff Service Awards ................................. 4
IV.  THE NOTICE AND NOTICE METHODOLOGY WERE APPROPRIATE.................... 5
V.   FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE ................................. 6
     A.   The Litigation Risks, Expenses, Complexity, and Duration Favor Approval ........ 6
     B.   The Extent of Discovery and Stage of Proceedings Favor Approval ..................... 8
     C.   The Recommendation of Experienced Counsel Favors Approval .......................... 9
     D.   The Parties' Non-Collusive Arms-Length Negotiations Favor Approval .............. 9
     E.   The Class Response Favors Approval ................................................................... 10
VI.  CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal.2015) .................................................................................... 7, 8

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979) ....................................................................................9

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ............................................................................................9

*Destefano v. Zynga, Inc.*,
No. 12-4007, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ............................................. 10

*Fraley v. Facebook, Inc.*,
966 F. Supp. 2d 939 (N.D. Cal. 2013) ...............................................................................6

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007) ..............................................................................9

*In re Netflix Privacy Litig.*,
No. 11-379, 2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ...............................................5

*In re Omnivision Techs., Inc.*,
559 F.Supp.2d 1036 (N.D. Cal. 2008) ............................................................................. 10

*Johnson v. Quantum Learning Network, Inc.*,
No. 15-5013, 2017 WL 747462 (N.D. Cal. Feb. 27, 2017) ...............................................7

*Larsen v. Trader Joe's Co.*,
No. 11-cv-05188-WHO, 2014 WL 3404531 (N.D. Cal. July 11, 2014) ............................8

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) ............................................................................................7

*Marshall v. Holiday Magic, Inc.*,
550 F.2d 1173 (9th Cir. 1977) ......................................................................................... 10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) .................................................................................. 7, 8

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ......................................................................................... 5, 6

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ..............................................................................................7

*Satchell v. Fed. Express Corp.*,
No. 03-cv-2659-SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ...................................9

*Schuchardt v. Law Office of Rory W. Clark*,
314 F.R.D. 673 (N.D. Cal. 2016) .................................................................................... 10

*Slezak v. City of Palo Alto*,
No. 16-3224, 2017 WL 2688224 (N.D. Cal. June 22, 2017) .......................................  7, 8

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) .......................................................................................................8

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370 (9th Cir. 1993) ................................................................................................5

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) .................................................................................................. 5

*Wakefield v. Wells Fargo & Co.*,
  No. 13-05053, 2015 WL 3430240 (N.D. Cal. May 28, 2015) ........................................ 9

**Rules**

Fed. R. Civ. P. 23(c)(2) ................................................................................................................ 5

Fed. R. Civ. P. 23(e) .................................................................................................................... 1

**Treatises**

4 Alba Conte & Herbert B. Newberg on Class Actions §11.50 (4th ed. 2002) ............................. 7

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on February 8, 2018, at 1:30 p.m., in the Courtroom of the Honorable Lucy H. Koh, located at the Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, Fourth Floor, San Jose, California, Plaintiffs and Class Counsel[1] in the above-captioned matter will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23 for an Order granting final approval of the Class Action Settlement Agreement ("Settlement") and entering final Judgment in this matter.

Plaintiffs' motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Class Counsel filed herewith, the papers filed in support of Plaintiffs' motion for preliminary settlement approval, the papers filed in support of Class Counsel's application for attorneys' fees, the record in this case, and any additional argument and evidence the Court may consider.

Dated: October 30, 2017            Respectfully submitted,

By:     */s/ Michael W. Sobol*

Michael W. Sobol (CA #194857)
msobol@lchb.com
Melissa Gardner (CA #289096)
mgardner@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

---

[1] "Class Counsel" are the firms appointed as Class Counsel pursuant to the Court's order preliminarily approving the proposed Settlement (the "Preliminary Approval Order"): Lieff Cabraser Heimann & Bernstein LLP, Carney Bates & Pulliam, PLLC, and Gallo LLP. *See* ECF No. 89 at 4.

CARNEY BATES & PULLIAM, PLLC
Hank Bates (CA #167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
519 West 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

GALLO LLP
Ray E. Gallo (CA #158903)
rgallo@gallo-law.com
Dominic R. Valerian (CA #240001)
dvalerian@gallo-law.com
1299 Fourth Street, Suite 505
San Rafael, CA 94901
Telephone: (415) 257-8800

*Attorneys for Plaintiffs and the Settlement Class*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Court's August 31, 2017 Order Granting Preliminary Approval, Plaintiffs Daniel Matera and Susan Rashkis ("Plaintiffs") respectfully request that the Court grant final approval of the settlement reached between Plaintiffs and Defendant Google, Inc. (the "Settlement").

At the preliminary approval stage, this Court reviewed the parties' Settlement and found that certification of the Settlement Class was appropriate for settlement purposes and "[t]he terms of the Agreement appear to be fair, reasonable, and adequate under Federal Rule of Civil Procedure 23." *See* ECF No. 89 at 2. As demonstrated herein, the Notice program approved by the Court has been fully implemented, and consideration of the appropriate factors strongly weighs in favor of final approval of the Settlement.

II. **FACTUAL AND PROCEDURAL BACKGROUND[1]**

On July 21, 2017 Plaintiffs moved for preliminary approval of the Settlement, and a hearing was held on August 31, 2017. ECF Nos. 79, 88. On August 31, 2017, the Court granted preliminary approval to the Settlement; appointed the undersigned as Class Counsel; appointed KCC Class Action Services, LLC ("KCC") as Settlement Administrator; approved the form and manner of notice to the Settlement Class (ECF No. 89); and scheduled a Final Approval hearing.

Notice was disseminated from September 21, 2017 to October 21, 2017, through banner ads on a collection of popular websites, including msn.com, yahoo.com, nytimes.com and others, which linked to the Settlement Website (www.gmailsettlement.com). Declaration of Lana Lucchesi ("Lucchesi Decl.") ¶ 4. At the conclusion of this media campaign, over 109 million (109,356,144) unique impressions of the banner ads had been served on internet users (more than the 100 million impressions required by the approved Notice Plan), with no individual user receiving more than three impressions, and 88,742 clicks were recorded from the banner ads to

---

[1] Plaintiffs here provide only the procedural background of the Settlement. An extensive description of the factual and procedural background of this litigation was included in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 79), and additional detail regarding Class Counsel's work in the litigation is included in the application for attorneys' fees, expenses, and Plaintiff service awards filed herewith.

the Settlement Website. *Id.* ¶ 5. Independently, the Settlement Administrator reports that Settlement Website received 596,585 total visitor hits from September 18, 2017 to October 27, 2017. *Id.* ¶ 5.

On the Settlement Website, Class Members were (and are) able to access and view the Court-approved Long Form Notice (Settlement Ex. B), and important case documents, including the Settlement Agreement. *Id.* ¶ 3. In accord with the Settlement and the Preliminary Approval Order, Google served notice of the Settlement, in a form and manner consistent with 28 U.S.C. § 1715, on appropriate federal and state officials. ECF No. 90. Class Counsel will post Plaintiffs' Motion for Attorneys' Fees and Incentive Awards, and any reply, to the Settlement Website shortly after such documents are filed.

## III. THE SETTLEMENT

### A. The Settlement Class Definition

The Court has certified the Settlement Classes, defined as follows:

CIPA Class:
All natural persons in the State of California who have never established a Gmail account with Google, and who have sent unencrypted emails to individuals with Gmail accounts.

ECPA Class:
All natural persons in the United States who have never established a Gmail account with Google, and who have sent unencrypted emails to individuals with Gmail accounts. [2]

### B. Benefits to the Settlement Class

As described in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 79), the Settlement achieves significant changes to Google's practices for email communications. Pursuant to the Settlement, Google will change how it processes emails to and from non-Gmail users. Specifically, Google has agreed to the entry of a stipulated injunction—to be effective for not less than three years commencing one-hundred eighty (180) days after the Court enters final judgment[3]—, as follows:

---

[2] Settlement ¶ 21 (ECF No. 79-1, Ex. 1).
[3] In the Settlement Agreement, Google affirmatively represents "that it has no present intention of eliminating the technical changes [required by the Settlement] after the expiration of the term of the injunction. Google believes, however, that the architecture and technical requirements for

*Footnote continued on next page*

CLASS ACTION SETTLEMENT
CASE NO. 5:15-CV-04062 LHK
- 2 -
1377429.3

1 First, Google will cease all processing of email content that it applies before the Gmail user can retrieve the email in his or her mailbox using the Gmail interface ("pre-delivery processing") for Advertising Purposes.[4] No information resulting from any pre-delivery processing of email content will be used for any Advertising Purpose. In addition, information from pre-delivery processing of email content that occurred before the date of this Settlement, or that occurs before the stipulated injunction goes into effect, will not be used for Advertising Purposes once the stipulated injunction becomes effective. Settlement ¶ 40(a).

Second, Google will continue to refrain from processing email content before the Gmail user can retrieve the outgoing email in his or her mailbox using the Gmail interface ("outbound processing") for Advertising Purposes, and from using information from any outbound processing of email content for any Advertising Purposes. Settlement ¶ 40(b).

Third, Google will implement architectural changes necessary to effectuate the Settlement terms by either eliminating altogether certain scanning processes during email delivery or ensuring that the outputs created from those processes are not used for any Advertising Purposes. Upon execution of the required changes, Google will deliver a written certification under oath to Class Counsel stating that it has made the technical changes required to comply with the stipulated injunction. Settlement ¶ 40(f). Google will provide Plaintiffs with discovery sufficient to verify these required changes have been made. Settlement ¶ 40(e).

These injunctive relief provisions of the Settlement focus on the practices challenged in Plaintiffs' operative Amended Class Action Complaint (ECF No. 58). The settlement prohibitions will not prevent Google from processing incoming and outgoing email for purposes other than Advertising Purposes (such as the detection and blocking of spam or malware), but will prevent Google from using for Advertising Purposes any information resulting from such processing, at any time. In addition, Google announced in July of 2017, consistent with the

---

*Footnote continued from previous page*
providing email services on a large scale evolve and change dynamically and that a longer commitment may hinder Google's ability to improve and change its architecture and technology to meet changing demands." Settlement ¶ 40(d).

[4] Advertising Purposes are defined as "for the purpose of serving advertisements, including advertisements served in Gmail and in other Google products and services. 'Advertising Purposes' includes the creation of user models for the purpose of serving advertising." Settlement ¶ 18.

Settlement and the goals of this litigation, that it will stop scanning user email in its Gmail service for purposes of targeted advertising, altogether. In other words, Google has indicated it has no present intention of replacing its current architecture for scanning for Advertising Purposes during email delivery by developing and implementing new architecture that scans for Advertising Purposes post-delivery.

### C. The Limited Release

In exchange for the foregoing, Settlement Class Members will release all claims for declaratory, injunctive, or other non-monetary equitable relief that have been or could have been asserted against the "Google Releasees" (defined below). No Settlement Class Member, with the exception of the Plaintiffs ("Class Representatives"), will release any claim for monetary damages. The specific terms of the release are:

> Upon entry of Final Judgment, the Class Representatives and all other Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns (collectively, the "Class Releasors"), waive, release, forever discharge, and will not in any manner pursue the Action or any claims, complaints, actions, proceedings, or remedies of any kind (including, without limitation, claims for attorneys' fees and expenses and costs) whether in law or in equity, under contract, tort or any other subject area, or under any statute, rule, regulation, order, or law, whether federal, state, or local, on any grounds whatsoever, arising from the beginning of time through the Effective Date, that were, could have been, or could be asserted by the Class Releasors arising out of or relating to any acts, facts, omissions or obligations, whether known or unknown, whether foreseen or unforeseen, arising out of or relating to the Action or the subject matter of the Action, against Google or any of Google's current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, contractors, successors, joint venturers, predecessors, related entities, and assigns, and all other individuals and entities acting on Google's behalf (collectively, the "Google Releasees").
>
> Notwithstanding the foregoing, the release provided for hereunder shall extend to claims for declaratory, injunctive and non-monetary equitable relief only. Without limiting the foregoing, no Class Member, with the exception of the Class Representatives, hereby releases any claim for damages under CIPA or ECPA.[5]

### D. Attorneys' Fees and Expenses and Plaintiff Service Awards

Class Counsel move concurrently for an award of attorneys' fees and expenses, and service awards to the Named Plaintiffs. If approved, the fees, expenses, and service awards

---
[5] Settlement ¶ 41.

would be paid solely by Google and would not affect any absent Settlement Class member who elects to pursue money damage claims now or in the future. Google has agreed not to oppose a fee request of up to $2.2 million, reimbursement of actual out-of-pocket expenses up to $100,000, and service awards of up to $2,000 to each of the two named plaintiffs. The parties negotiated these provisions of the Settlement after reaching agreement as to class-wide relief and the release. Joint Declaration of Michael Sobol, Hank Bates, and Ray Gallo ("Joint Decl.") ¶ 6.

## IV. THE NOTICE AND NOTICE METHODOLOGY WERE APPROPRIATE

As the Complaint seeks, and the Settlement involves, only injunctive relief, and because the release does not cover any claims for monetary damages, providing the Class notice is not mandated by Rule 23. *See* Fed. R. Civ. P. 23(c)(2); *Lilly v. Jamba Juice Co.*, No. 13-2998, 2015 WL 1248027, at *8-9 (N.D. Cal. Mar. 18, 2015) (finding that class notice was not necessary when the relief was injunctive and settlement did not release class member claims for monetary relief); *In re Yahoo Mail Litig.*, No. 13-4980, 2016 WL 4474612, at *5 (N.D. Cal. Aug. 25, 2016) (finding that banner ads on popular websites in injunctive relief-only settlement "fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process."). Nonetheless, as a way to educate the Class of the issues raised in this lawsuit and inform them of the Settlement, the parties agreed to provide notice to the Class. Notice was effectuated by publishing online banner ads on popular websites (Settlement ¶ 52; *id.* Ex C), which resulted in more than 109 million unique impressions to internet users, and 88,742 clicks through to the Settlement Website. Some of the websites on which Notice was published were msn.com, nydailynews.com, yahoo.com, weather.com, nytimes.com, cosmopolitan.com, tvguide.com, delish.com, cbslocal.com, goodhousekeeping.com, bostonherald.com, and foxsports.com. Lucchesi Decl. ¶ 4. In total, the Settlement Website received 596,585 total visitor hits from September 18, 2017 to October 27, 2017. *Id.* ¶¶ 2, 5. Posted on the Settlement Website is the court-approved Long Form Notice which contains a clear description of the Settlement Class and the Settlement, explains how to comment or object, and how to contact the Settlement Administrator with any questions. *Id.* ¶ 3. Other important case documents, including the Settlement Agreement, are

also posted on the Settlement Website. *Id.* The Notice and notice methodology were thus reasonable and provide due, adequate, and sufficient notice of the Settlement.

## V. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The Ninth Circuit has identified "an overriding public interest in settling and quieting litigation" and has noted that "[t]his is particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also In re Netflix Privacy Litig.*, No. 11-379, 2013 WL 1120801, at *3 (N.D. Cal. Mar. 18, 2013) (Davila, J.). In evaluating a proposed class action settlement under Federal Rule of Civil Procedure 23(e), the standard is whether the settlement "is fundamentally fair, adequate, and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (citations omitted); *accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

A district court may consider some or all of the following factors when making the determination: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of class members to the proposed settlement." *Officers for Justice*, 688 F.2d at 625. The Court should find that the Settlement is fair, adequate, and reasonable in light of these factors.

### A. The Litigation Risks, Expenses, Complexity, and Duration Favor Approval

The Settlement provides swifter and more certain benefits to the Settlement Class than they would achieve through continued litigation. Plaintiffs' Amended Class Action Complaint (ECF No. 58) seeks class-wide declaratory, injunctive, and non-monetary equitable relief under ECPA and CIPA based on Google's processing of email content in a manner and to an extent that Plaintiffs allege, is prohibited by these statutes. As described above, including by enjoining Google from both pre-delivery processing for Advertising Purposes, and from using content from other pre-delivering processing for Advertising Purposes, the proposed Settlement achieves meaningful and certain relief that is tailored to addressing the conduct challenged by this action.

1 | In contrast to the tangible, immediate benefits of the Settlement, the outcome of continued litigation, trial and likely appeals is uncertain and could add years to this litigation, or could result in no prospective benefits to the Settlement Class. Class Counsel strongly believe in the merits of this case, but recognize that unsettled legal and factual questions about ECPA's and CIPA's application to Google's handling of electronic messages present risks, which would have been tested on a motion for summary judgment, at trial, and/or on appeal. Some such risks include uncertainty around the interpretation of the terms "in transit" and "storage," and the fact that the Ninth Circuit has not yet ruled on how Courts should interpret the statutory term "ordinary course of [] business" in ECPA.

Google also would almost certainly have contested class certification, most likely on the grounds that injury and consent are inherently individualized issues. *See Fraley v. Facebook, Inc.*, 966 F. Supp. 2d 939, 942-43 (N.D. Cal. 2013) (Seeborg, J.) (granting final approval of class-wide settlement of the UCL and Cal. Civ. Code § 3344 claims, recognizing "substantial burden" of quantifying class-wide injury, and "significant risk . . . that class certification would prove unwarranted in light of consent issues."). Had this litigation reached trial on behalf of a certified litigation class, it would have presented a costly, expert-intensive and technically complicated jury trial that could have spanned weeks and necessitated extensive and costly trial preparation. Appeals would likely have followed the trial, resulting in further delay and added costs.

Thus, the tangible prospective relief obtained through this Settlement, balanced against the length, expense, and uncertainty of further litigation, weighs in favor of final approval. *See Johnson v. Quantum Learning Network, Inc.*, No. 15-5013, 2017 WL 747462, at *1 (N.D. Cal. Feb. 27, 2017) (Koh, J.) ("Courts have noted that uncertainty favors approval of a settlement."); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.") (citation omitted); 4 Alba Conte & Herbert B., Newberg on Class Actions § 11.50

(4th ed. 2002) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

### B. The Extent of Discovery and Stage of Proceedings Favor Approval

Class Counsel negotiated on behalf of the class with significant information about the case and after years of litigation. This factor thus favors final approval. *See Slezak v. City of Palo Alto*, No. 16-3224, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017) (Koh, J.) ("So long as the parties have 'sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval.'") (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015) (Corley, J.) ("[T]he court's focus is on whether the parties carefully investigated the claims before reaching a resolution.")

Class Counsel conducted a thorough investigation of Plaintiffs' claims and Google's defenses prior to filing the action on September 4, 2015. Joint Decl. ¶ 5. Class Counsel continued that investigation thereafter, and up to the present day, including with the benefit of more than 130,000 pages of documents and deposition testimony from the related consolidated multi-district litigation *In re Google Inc. Gmail Litigation ("Gmail")*, 13-MD-02430, which was pending before this Court from 2012 until 2014,[6] and which involved factual allegations that overlap significantly with those in this action. In addition, Google produced more than 103,000 additional pages of documents in response to Plaintiffs' targeted discovery requests concerning Google's email processing practices, as well as testimony from two Google witnesses deposed in July and August 2017 in their individual and Fed. R. Civ. Proc. 30(b)(6) capacities. Further, including in opposing Google's Motion to Dismiss and Motion to Stay, and in briefing standing issues related to the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct.

---

[6] The *Gmail* litigation was initiated by a complaint filed November 17, 2010 in the Eastern District of Texas (*Dunbar v. Google, Inc.*, No. 10-CV-00194), which was transferred to the Northern District of California on June 27, 2012 and subsequently centralized along with other actions involving substantially similar allegations by the Judicial Panel on Multidistrict Litigation on April 1, 2013. *See* No. 13-MD-02430, ECF No. 1. Following the Court's March 18, 2014 order denying class certification in the *Gmail* MDL (No. 13-MD-02430, ECF No. 158), the individual plaintiffs in the MDL dismissed their individual claims with prejudice, and the last action pending in the MDL was dismissed on July 14, 2014. No. 13-MD-02430, ECF No. 177.

1540 (2016). (ECF Nos. 41, 45), Class Counsel thoroughly researched and analyzed legal issues raised by this action, and gained meaningful information about the defenses that Google was likely to advance on summary judgment.

As a result of this discovery and investigation, both parties were able to negotiate the Settlement on a fully informed basis and with a thorough understanding of the merits and value of the parties' respective claims and defenses. Google, moreover, has agreed to provide confirmatory discovery following implementation of the Settlement that will allow Class Counsel to confirm that the agreed-upon prospective relief is implemented timely, and in full. Accordingly, the extent of discovery completed and the stage of the proceedings weigh strongly in favor of final approval of the Settlement. *DIRECTV*, 221 F.R.D. at 528 ("the proposed settlement was reached only after the parties had exhaustively examined the factual and legal bases of the disputed claims" and "[t]his fact strongly militates in favor of the Court's approval of the settlement.").

### C. The Recommendation of Experienced Counsel Favors Approval

The judgment of experienced counsel, that final approval is appropriate here, "should be given considerable weight." *Slezak*, 2017 WL 2688224, at *5 (quoting *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *5 (N.D. Cal. July 11, 2014)). *See also Bellinghausen*, 306 F.R.D. at 257 (citation omitted) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties.") "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Here, based on their analyses of the risks, burdens, and expense of continued litigation as well as their experience litigating other complex class actions, including under ECPA and CIPA, Class Counsel firmly believe the Settlement is fundamentally fair, adequate and reasonable, and in the best interest of the Class. Joint Decl. ¶ 9.

### D. The Parties' Non-Collusive Arms-Length Negotiations Favor Approval

The Court "must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992) (citations omitted). Where, as here, a

- 9 -

1377429.3

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 5:15-CV-04062 LHK

1 settlement "is the product of arms-length negotiations conducted by capable and experienced
2 counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable."
3 *Wakefield v. Wells Fargo & Co.*, No. 13-05053, 2015 WL 3430240, at *4 (N.D. Cal. May 28,
4 2015).

5 The parties participated in mediations before the highly respected mediator, Randall Wulff
6 on August 31, 2016 and November 4, 2016. Those mediations resulted in a proposed settlement,
7 executed on November 22, 2016, which was not granted preliminary approval. ECF No. 71.
8 Subsequently, with the benefit of guidance from the Court, the parties resumed arms-length
9 negotiations regarding the remaining terms of the Settlement, and submitted the revised
10 Settlement to the Court on July 21, 2017. ECF No. 79-1, Ex. 1.

11 The participation of respected and neutral mediator Randall Wulff, across two in-person
12 mediation sessions, and the fact that the Settlement as revised was negotiated with the benefit of
13 input from the Court, underscore that the proposed Settlement here is not the product of collusion.
14 *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1171 (S.D. Cal. 2007) (involvement of
15 mediator was "highly indicative of fairness"); *Satchell v. Fed. Express Corp.*, No. 03-cv-2659-SI,
16 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator
17 in the settlement process confirms that the settlement is non-collusive."). This factor weighs in
18 support of final approval.

### E. The Class Response Favors Approval

20 A court may appropriately infer that a class settlement is fair, reasonable, and adequate
21 when few Class members object to it. *See Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178
22 (9th Cir. 1977); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008)
23 ("[T]he absence of a large number of objections to a proposed class action settlement raises a
24 strong presumption that the terms of a proposed class settlement are favorable to the class
25 members.") (quotation marks and citation omitted). Notice was disseminated from September 21,
26 to October 21, 2017, resulting in 109,356,144 impressions by internet users. As of this filing, no

1 | objector has come forward to contest the terms of the Settlement.[7]  "By any standard, the lack of
2 | objection of the Class Members favors approval of the Settlement."  *Destefano v. Zynga, Inc.*, No.
3 | 12-4007, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) (Corley, J.).[8]

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs and Class Counsel respectfully request that the Court enter an Order granting final approval of the Settlement.

Dated: October 30, 2017                                            Respectfully submitted,

By:  */s/ Michael W. Sobol*

Michael W. Sobol (CA #194857)
msobol@lchb.com
Melissa Gardner (CA #289096)
mgardner@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

CARNEY BATES & PULLIAM, PLLC
Hank Bates (CA #167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
519 West 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

---

[7] The Court's Preliminary Approval Order provided that all comments and objections be mailed no later than "90 days after the dissemination of notice."  (ECF No. 89 at 5.)  To ensure that Class Members have the full benefit of this 90-day period, the parties have agreed that the objection period will remain open for 90 days after the end of the notice campaign on October 21, 2017, or until January 19, 2018.

[8] In addition, while there is no governmental entity party to this action, neither state nor federal officials lodged any objection after receiving notice of the Settlement Agreement. *See generally Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 685 (N.D. Cal. 2016) (finding that failure of governmental entity to file objection favored settlement approval).

GALLO LLP
Ray E. Gallo (CA #158903)
rgallo@gallo-law.com
Dominic R. Valerian (CA #240001)
dvalerian@gallo-law.com
1299 Fourth Street, Suite 505
San Rafael, CA 94901
Telephone: (415) 257-8800

*Attorneys for Plaintiffs and the Settlement Class*