UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL MATERA and SUSAN RASHKIS, as individuals, and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-CV-04062-LHK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came on for hearing on February 8, 2018. The Court has considered the Settlement Agreement ("Settlement"), objections and comments received regarding the Settlement, the record in the Action, and the arguments and authorities of counsel.  Good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

   **1.** The Court, for purposes of this Final Judgment Approving Settlement and Dismissing Claims of Class Members with Prejudice ("Judgment"), adopts the terms and definitions set forth in the Settlement.

   **2.** This Court has jurisdiction over the subject matter of this Action, all parties to the

Action, and all Class Members.

**3.** The Court finds that the notice to the Class of the pendency of the Action and of this Settlement, and the application for service awards for Class Representatives, as provided for in the Settlement and by Order of this Court, has been implemented and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

**4.** The Court finds that Google properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

**5.** The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Class Members. The Court has specifically considered the factors relevant to class settlement approval (see, e.g., Churchill Village, L.L.C. v. General Elec., 361 F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and the mediator; and the reaction of Class Members to the proposed settlement.

**6.** The Court has also scrutinized the Settlement and negotiation history for any signs of potential collusion (see, e.g., In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion. This finding is supported by, among other things: the fact that the Settlement was negotiated by experienced, well-qualified counsel; the Settlement provides substantial benefits to Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided to Class Members are appropriate under the circumstances of this case; and the parties began negotiating regarding attorneys' fees and expenses only after reaching an agreement regarding the key deal terms.

**7.** Pursuant to the Settlement, Google shall provide the following benefits to Class Members:

   **(a)** **Stipulated Injunction.** For a period of three years commencing one-

hundred eighty (180) days after the date of the Final Judgment (the "Relevant Period"), Google shall be bound by the Stipulated Injunction set forth in the Settlement. Under the terms of the Stipulated Injunction, Google shall make technical changes such that:

For incoming email sent to a Gmail account, Google will cease all processing of email content that it applies prior to the point when the Gmail user can retrieve the email in his or her mailbox using the Gmail interface ("pre-delivery processing") and that is used for Advertising Purposes, as that term is defined in the Settlement. No information resulting from pre-delivery processing of email content will be used for any Advertising Purpose. In addition, information from pre-delivery processing of email content that occurred before the date of this Agreement or that occurs before the Stipulated Injunction goes into effect will not be used for Advertising Purposes once the Stipulated Injunction commences. Google agrees to refrain from all such activity described in this section (Section 40(a) of the Settlement) for the Relevant Period. These technical changes and commitments shall apply to all incoming email sent to Gmail users in the United States. For outgoing email sent from a Gmail account, Google will refrain from all processing of email content prior to the point when the Gmail user can retrieve the outgoing email in his or her mailbox using the Gmail interface ("outbound processing") that is used for Advertising Purposes, and from using information from outbound processing of email content for any Advertising Purpose. Google agrees to refrain from all such activity for the Relevant Period. These technical changes and commitments shall apply to all outgoing emails sent by Gmail users in the United States.

At the February 8, 2018 hearing on the motion for final approval of class action settlement, Google's counsel represented that Google had already implemented the technical changes and thus the Stipulated Injunction would be in effect for three years and 180 days after the Final Judgment.

If Google's new email architecture described above becomes outdated and must be improved or replaced during the pendency of the injunction, then Google may change its system design in a manner that will continue to comply with the requirements of the injunction above.

In the Settlement, Google represented that it has no present intention of eliminating the

technical changes after expiration of the term of the injunction. Settlement Section 40(d). Moreover, about three months after the Court denied preliminary approval of the parties' first class action settlement on March 15, 2017, Google announced on June 23, 2017 that it would no longer scan the content of Gmail emails for targeted advertising. Brian Fung, "Gmail will no longer snoop on your emails for advertising purposes," *Washington Post*, June 26, 2017.

**(b)     Certification.**  Google shall, upon making the changes required under this section, deliver a written certification under oath to Class Counsel stating that it has made the technical changes required under this paragraph.

**8.**     Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $2,200,000 in fees and Class Counsel's actual out-of-pocket expenses of $51,421.93. Google shall pay such amounts to Class Counsel pursuant to the terms of the Settlement. The Court finds these amounts to be fair and reasonable and fairly compensates Class Counsel for their contributions to the prosecution of this Action and the Settlement.

**9.**     The Court hereby awards service awards in the amount of $2,000 each, to Plaintiffs Daniel Matera and Susan Rashkis as Class Representatives, to compensate them for their commitments and efforts on behalf of the Class in this Action. Google shall pay such amounts to Plaintiffs, pursuant to the terms of the Settlement Agreement.

**10.**    The Parties are to bear their own costs, except as awarded by this Court in this Final Order.

**11.**    The Parties and Class Members are bound by the terms and conditions of the Settlement. Upon the Effective Date of this Settlement, Plaintiffs and each and every Class Member shall be deemed to have released, acquitted and forever discharged the Google Releasees, as that term is defined in the Settlement, from any and all Released Claims. The full terms of the release described in this paragraph are set forth in Sections 41 through 51 of the Agreement. The Court expressly adopts and incorporates by reference Sections 41 through 51 of the Agreement.

**12.**    Per the terms of the Settlement, as of the Effective Date, the Class Representatives and Class Members shall be deemed to have agreed not to sue or otherwise make any claim

against Google relating to Released Claims.

**13.** The benefits described above are the only consideration Google shall be obligated to give to the Class Members, with the exception of the service awards to be paid to the Class Representatives.

**14.** The Action and all claims asserted in the Action are dismissed with prejudice as to the Class Representatives and all Class Members.

**15.** The Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class Members, and Google for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Judgment.

**16.** The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 9, 2018

_____
LUCY H. KOH
United States District Judge